1

2

3

4

5

6

7

8                          United States District Court

9                       Eastern District of California

10

11

12  Merrick Jose Moore,

13          Plaintiff,                    No. Civ. S 04-0871 MCE PAN P

14      vs.                               Order Directing Service by the
                                          United States Marshal Without
15  J. Sloss, et al.,                     Prepayment of Costs

16          Defendants.

17                                  -oOo-

18      Plaintiff is proceeding in forma pauperis pursuant to 28

19  U.S.C. § 1915.  The court previously ordered plaintiff to provide

20  information for service of process on form USM-285, sufficient

21  copies of the complaint for service, and a notice of compliance.

22  Plaintiff has filed the required papers.

23      1.  The Clerk of the Court is directed to forward the

24  instructions for service of process, the completed summons, and

25  copies of the April 30, 2004, complaint and of this order to the

26  United States Marshal.

1     2.  Within ten days the United States Marshal shall notify

2 defendant Way of the commencement of this action and request

3 waiver of service of summons in accordance with the provisions of

4 Fed. R. Civ. P. 4(d).

5     3.  The United States Marshal shall retain the original

6 summons and a copy of the complaint in his file.

7     4.  The United States Marshal shall file written waivers of

8 service of summons and any requests for waiver of service that

9 are returned undelivered as soon as they are received.

10     5.  If a requested waiver of service of summons is not

11 returned by a defendant within 60 days from the day the request

12 was mailed, the United States Marshal shall:

13     a.  Serve process and a copy of this order upon the

14 defendant pursuant to Rule 4 of the Federal Rules of Civil

15 Procedure and 28 U.S.C. § 566(c) and shall command all necessary

16 assistance from the California Department of Corrections to

17 execute this order.  The United States Marshal shall maintain the

18 privacy of all information provided in confidence by the

19 Department pursuant to this order.

20     b.  Within ten days after service is made, file the return

21 of service for the defendant with evidence of any attempts to

22 secure a waiver of service of summons and of the costs

23 subsequently incurred in effecting service on said defendant.

24 Said costs shall be itemized on form USM-285 and shall include

25 costs incurred by the Marshal for photocopying the summons and

26 complaint and preparing any new forms USM-285.  Costs of service

will be taxed against the defendant in accordance with Fed. R.
Civ. P. 4(d)(2).

6.   Defendant shall reply to the complaint within the time
provided by Fed. R. Civ. P. 12(a).

7.   Unless otherwise ordered, all motions to dismiss,
motions for summary judgment, motions concerning discovery,
motions pursuant to Rules 7, 11, 12, 15, 41, 55, 56, 59 and 60 of
the Federal Rules of Civil Procedure, and motions pursuant to
Local Rule 11-110 shall be briefed pursuant to Local Rule
78-230(m).   Failure timely to oppose a motion may be deemed
consent to the relief requested in the motion.   Opposition to all
other motions need be filed only as specifically directed by the
court.

8.   If plaintiff is released from prison during the pendency
of this action, any party may request application of other
provisions of Local Rule 78-230 but Local Rule 78-230(m) shall
apply until such a request is made and granted.   See Local Rule
1-102(d).

9.   Pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 &
n. 14 (9th Cir. 2003), plaintiff is advised of the following
requirements for opposing a motion to dismiss for failure to
exhaust administrative remedies made by a defendant.   Such a
motion is a request for dismissal of unexhausted claims without
prejudice.   The defendant may submit evidence including
declarations under penalty of perjury and duly authenticated
documents to support the request.   If plaintiff contends he did

1 exhaust administrative remedies available to him, plaintiff may

2 oppose defendant's motion and submit evidence, including his own

3 or others' competent declarations under penalty of perjury and

4 duly authenticated documents.  If plaintiff does not serve and

5 file a written opposition to the motion, the court may consider

6 the failure as plaintiff's consent that the motion should be

7 granted.  If the defendant's motion to dismiss is granted

8 plaintiff's unexhausted claims will be dismissed without

9 prejudice.

10      10.  Pursuant to <u>Rand v. Rowland</u>, 154 F.3d 952, 957 (9th

11 Cir. 1998) (en banc), <u>cert.</u> <u>denied</u>, 527 U.S. 1035 (1999), and

12 <u>Klingele v. Eikenberry</u>, 849 F.2d 409 (9th Cir. 1988), plaintiff

13 is advised of the following requirements for opposing a motion

14 for summary judgment made by a defendant pursuant to Rule 56 of

15 the Federal Rules of Civil Procedure.  Such a motion is a request

16 for an order for judgment in favor of the defendant without

17 trial.  A defendant's motion for summary judgment will set forth

18 the facts affecting plaintiff's right to relief under the

19 applicable law that defendant contends are not reasonably subject

20 to dispute.  To oppose a motion for summary judgment, plaintiff

21 must present evidence in support of his  claims.  To do this,

22 plaintiff may call the court's attention to statements within

23 plaintiff's knowledge made under the penalty of perjury in the

24 complaint, or submit his own or others' competent declarations

25 under penalty of perjury, duly authenticated documents, the

26 transcript of a deposition, answers to interrogatories, or

1   admissions obtained in this proceeding.   If there is some good

2   reason why such evidence is not available to plaintiff when

3   required to oppose a motion for summary judgment, the court will

4   consider a request to postpone considering the defendant's

5   motion.

6          11.   Unsigned affidavits or declarations will be stricken.

7          12.   Each party shall promptly advise the court if they

8   change their address by serving and filing a document entitled

9   "Notice of Change of Address."   Failure to inform the court of a

10  change of address may result in the imposition of sanctions

11  including dismissal of the action.

12         13.   The Clerk of the Court shall serve upon plaintiff a

13  copy of the Local Rules of Court.

14         14.   The failure of any party to comply with this order, the

15  Federal Rules of Civil Procedure, or the Local Rules of Court may

16  result in the imposition of sanctions including, but not limited

17  to, dismissal of the action or entry of default.   Fed. R. Civ. P.

18  11; Local Rule 11-110.

19         So ordered.

20         Dated:   January 31, 2006.

21                              /s/ Peter A. Nowinski
                                PETER A. NOWINSKI
22                              Magistrate Judge

23

24

25

26