IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MERRICK JOSE MOORE,

    Plaintiff,                                No. CIV S-04-0871 MCE EFB P

    vs.

J. SLOSS, et al.,

    Defendants.                          <u>AMENDED ORDER</u>

                               /

       Plaintiff, a state prisoner proceeding pro se, has filed this civil rights action seeking relief under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local General Order No. 262.

       On March 7, 2008, the magistrate judge filed findings and recommendations herein which were served on all parties and which contained notice to all parties that any objections to the findings and recommendations were to be filed within fourteen days from the date the findings and recommendations were served. On March 18, 2008, defendants Sloss[1] and Lewis filed objections to the findings and recommendations.

---

[1] The court acknowledges that the defendant identified as J. Sloss actually is named J. Sloss-Peck. For the sake of consistency, the court continues to refer to her with the name used in the complaint and reflected on the docket, i.e., J. Sloss.

1

1  An order adopting the magistrate judge's findings and recommendations in full issued on March
2  28, 2008.  Also on March 28, 2008, the Clerk of the Court docketed plaintiff's March 25, 2008[2],
3  objections to the findings and recommendations.  In accordance with the provisions of 28 U.S.C.
4  § 636(b)(1)(C) and Local Rule 72-304, this court has conducted a <u>de novo</u> review of this case.
5  Having carefully reviewed the entire file, the court finds the findings and recommendations to be
6  supported by the record and by proper analysis.  The court finds, however, that the objection
7  made by defendant Lewis warrants discussion.
8        Defendant Lewis objects that the magistrate judge failed to resolve the motion as it
9  pertained to him.  Lewis did in fact move for summary judgment, and the magistrate judge in fact
10 failed to resolve that portion of the motion.  However, the complaint does not appear to assert
11 any claim against Lewis.  It mentions Lewis once, alleging the following: "Upon filing a [sic]
12 institutional 602 this person tryed [sic] to cover up J-Sloss [sic] misconduct by taken [sic]
13 reprisals against plaintiff and making verbal threats against me."  Comp., at 2.  Assuming this
14 reference attempts to assert a retaliation claim, the complaint offers no clue what act of alleged
15 retaliation Lewis must defend against.  Plaintiff filed several administrative grievances and there
16 is no way to match any possible conduct by Lewis to the date plaintiff filed a grievance in order
17 to discern enough information about the claim to reasonably identify it, or to enable Lewis to
18 defend against it.  Moreover, defendant's motion does not articulate the act of retaliation he
19 believes he is defending against.  Whatever claim is intended as to Lewis, the complaint fails to

---

25  [2] March 25, 2008, is the date plaintiff served his objections.  Thus, the objections are timely.  *See Houstan v. Lack*, 487 U.S. 266, 276 (1988) (prisoner's notice of appeal deemed
26  timely filed as of the date it was delivered to prison staff for delivery to the court).

1 state any such claim.[3] Accordingly, exercising its authority pursuant to 42 U.S.C. § 1997e(c)(1)[4],
2 the court dismisses that claim.

3     Lewis has construed the complaint as perhaps including a claim that he engaged in an
4 overly invasive unclothed body search of plaintiff when plaintiff left the administrative
5 segregation exercise yard. Again, the complaint contains no such allegation. Nowhere does
6 plaintiff even mention a search, much less an unclothed body search. Plaintiff's only mention of
7 defendant Lewis is, as noted above, the vague reference to alleged retaliation. Without an
8 allegation that a search occurred, the court cannot find that plaintiff stated a claim under either
9 the Eighth or the Fourth Amendment. *See Jordan v. Gardner*, 986 F.2d 1521, 1523-1526 (9th
10 Cir. 1993) (analyzing search of prisoners under both the Eighth and Fourth Amendments).
11 Again, pursuant to 42 U.S.C. § 1997e(c)(1), this claim is dismissed. Accordingly, Lewis
12 objections to the magistrates findings and recommendations are moot.

13     Accordingly, IT IS HEREBY ORDERED that:

14     1. The findings and recommendations filed March 7, 2008, are adopted in full;

15     2. Defendants' August 4, 2006, motion for summary judgment is granted in part and
16 denied in part as follows:

17     a. Summary judgment is granted on the following claims:

18         i. that Evans violated due process in how he handled plaintiff's grievances;

19 ///

---

[3] To state a claim for retaliation, plaintiff must allege that a particular defendant took some adverse action against plaintiff for his engagement in a constitutionally protected activity and the adverse action chilled plaintiff's exercise of his rights and did not reasonably advance a legitimate penological goal. *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005); *Rizzo v. Dawson*, 778 F.2d 527, 531-32 (9th Cir. 1985). The court has reviewed the complaint in detail. It makes no such allegations as to Lewis.

[4] This provision states, "the court shall on its own motion or on the motion of a party dismiss any action brought with respect to prison condition under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief."

1    ii. that Sloss violated plaintiff's access to the courts by destroying documents that
2 plaintiff intended to file in the federal and state courts;
3    iii. that defendant McDonald violated plaintiff's right to due process by refusing
4 to transfer plaintiff to a different facility; and,
5    iv. that Wagner violated plaintiff's right to due process by delaying the resolution
6 of plaintiff's grievances by one year.
7   b. Summary judgment is denied on the following claims:
8    i. that Sloss retaliated against plaintiff by destroying or mishandling his mail;
9    ii. that Sloss retaliated against plaintiff by repeatedly supplying him with soiled
10 sheets;
11    iii. that Sloss retaliated against plaintiff by having C. Moore and
12 T. Jackson make an unprovoked attack on plaintiff; and,
13    iv. That Sloss violated plaintiff's Eighth Amendment rights by supplying plaintiff
14 with soiled sheets, refusing to exchange them for clean ones and preventing others from
15 exchanging them for clean ones.
16   3. Claims against defendant Lewis be dismissed and judgment be entered in his favor.
17   4. Plaintiff's August 21, 2006, cross-motion for summary judgment is denied; and,
18   5. Plaintiff has 30 days from the date this order is served to file a pretrial statement and
19 defendants have 15 days from the date plaintiff files his pretrial statement to file their pretrial
20 statement.

Dated: April 9, 2008

_____
MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE

4