1

2

3

4

5

6

7

8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   MERRICK JOSE MOORE,

11         Plaintiff,                    No. CIV S-04-0871 MCE EFB P

12       vs.

13   J. SLOSS, et al.,

14         Defendants.            <u>FINDINGS AND RECOMMENDATIONS</u>

15   _____/

16         Plaintiff is a prisoner without counsel seeking relief pursuant to 42 U.S.C. § 1983.  He

17   filed a motion for a temporary restraining order and a preliminary injunction.  He states that

18   since July 8, 2009, he has been denied access to the law library, legal supplies, books, cases,

19   copies and documents and legal materials related to this case.  He states that the library at his

20   institution is inadequate and he is concerned that he will not be able to properly present his case

21   for the December 7, 2009 trial in this action.

22         A temporary restraining order is available to an applicant for a preliminary injunction

23   when the applicant may suffer irreparable injury before the court can hear the application for a

24   preliminary injunction.  Fed. R. Civ. P. 65(b) (motion for preliminary injunction shall be set for

25   hearing at earliest possible time after entry of temporary restraining order); *Granny Goose*

26   *Foods, Inc. v. Brotherhood of Teamsters & Auto Truck Drivers Local No. 70 of Alameda County*,

1

1   415 U.S. 423, 439 (1974) (temporary restraining order issued in state court expired ten days after

2   action was removed to federal court); Wright, Miller & Kane, *Federal Practice & Procedure*,

3   § 2951 (2d ed. 1995).  Here, the court addresses herein plaintiff's motion for a preliminary

4   injunction and, accordingly, a temporary restraining order pending that ruling is unnecessary.

5         A preliminary injunction will not issue unless necessary to prevent threatened injury that

6   would impair the court's ability to grant effective relief in a pending action.  *Sierra On-Line, Inc.*

7   *v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871

8   F.2d 863 (9th Cir. 1989).  A preliminary injunction represents the exercise of a far reaching

9   power not to be indulged except in a case clearly warranting it.  *Dymo Indus. v. Tapeprinter,*

10  *Inc.*, 326 F.2d 141, 143 (9th Cir. 1964).  The Ninth Circuit recently modified its standard for

11  preliminary injunctive relief to conform to the Supreme Court's admonition in *Winter v. Natural*

12  *Res. Def. Council, Inc.*, ___ U.S. ___, 129 S.Ct. 365, 375-76 (2008), that the moving party must

13  demonstrate that--absent an injunction--irreparable injury is not only possible, but likely.[1]

14  *Stormans, Inc. v. Selecky*, Nos. 07-36039, 07-36040, 2009 WL 1941550 at *13 (9th Cir. July 8,

15  2009).  Under the new standard, "preliminary injunctive relief requires a party to demonstrate

16  'that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the

17  absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction

18  is in the public interest.'"  *Stormans, Inc.*, at 13 (quoting *Winter v. Natural Res. Def. Council,*

19  *Inc.*, ___ U.S. at  ___, 129 S.Ct. at 375-76).  In cases brought by prisoners involving conditions

20  of confinement, any preliminary injunction "must be narrowly drawn, extend no further than

21  necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive

22  means necessary to correct the harm."  18 U.S.C. § 3626(a)(2).

23

24        [1]  Under the previous standard a preliminary injunction could be granted "if the plaintiff
      'demonstrates either a combination of probable success on the merits and the possibility of
25    irreparable injury or that serious questions are raised and the balance of hardships tips sharply in
      his favor.'"  *Earth Island Inst. v. U.S. Forest Serv.*, 351 F.3d 1291, 1298 (9th Cir.2003) (internal
26    quotation marks and citations omitted) (reversing the denial of a preliminary injunction where
      the district court had found that the mere *possibility* of such harm was speculative).

1        Plaintiff fails to show he is entitled to injunctive relief.  This action proceeds on

2   plaintiff's claim that defendant retaliated against him while he was housed at High Desert State

3   Prison.  In the instant request, plaintiff states that his access to legal materials is limited at his

4   current institution, which is not High Desert, but California State Prison, Los Angeles County.

5   He does not indicate how or why he is likely to succeed on the merits in this action.

6   Moreover, plaintiff fails to identify the person who is allegedly limiting his ability to access legal

7   materials.  Since plaintiff complains of activity occurring at his current institution, and not at

8   High Desert, it is unlikely that defendant is the person against whom plaintiff now seeks

9   injunctive relief.   This court is unable to issue an order against individuals who are not parties to

10  a suit pending before it.  *See Zenith Radio Corp. v. Hazeltine Research, Inc.*, 395 U.S. 100, 112

11  (1969).

12       It is not clear from plaintiff's generalized allegations whether he has been completely

13  denied access to the law library since July 8, 2009, or whether he has had only limited access to

14  the library.  Either way, the court notes that "the Constitution does not guarantee a prisoner

15  unlimited access to a law library.  Prison officials of necessity must regulate the time, manner,

16  and place in which library facilities are used.  The fact that an inmate must wait for a turn to use

17  the library does not necessarily mean that he has been denied meaningful access to the courts."

18  *Lindquist v. Idaho State Bd. of Corr.*, 776 F.2d 851, 858 (9th Cir. 1985) (citations omitted).

19       Additionally, plaintiff is not specific as to what legal materials are being withheld from

20  him and why he will suffer irreparable harm without the unidentified legal materials.  While

21  plaintiff states he has been denied "copies," he again, does not indicate what copies he needs or

22  why he needs them.  Currently, plaintiff is not in violation of any court-imposed deadlines, and

23  he does not appear to be having difficulty accessing the court.  Should plaintiff be denied access

24  to legal materials that are necessary to pursue this action, however, he should file an

25  administrative grievance at his institution.  *See* Cal. Code Regs. tit. 15, § 3084.1(a) (prisoners

26  may appeal "any departmental decision, action, condition, or policy which they can demonstrate

1   as having an adverse effect upon their welfare.").

2      Although plaintiff is not specific as to the relief he requests, he seems to suggest that he

3   should be transferred to another institution where he might have better access to legal materials.

4   *See* Dckt. No. 95 at 1 (citing to Cal. Code Regs. tit. 15, § 3122(b), which states that an "inmate

5   in a facility without a law library and requesting access to such resources shall be transferred to a

6   facility with a law library of departmental choosing for the period of time needed to complete

7   legal work."). For the reasons stated, however, plaintiff has failed to show that he is entitled to

8   any preliminary injunctive relief.

9      Accordingly, it is hereby RECOMMENDED that plaintiff's September 8, 2009, motion

10  for a temporary restraining order and preliminary injunction (docket no. 95) be denied.

11     These findings and recommendations are submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after

13  being served with these findings and recommendations, any party may file written objections

14  with the court and serve a copy on all parties. Such a document should be captioned "Objections

15  to Magistrate Judge's Findings and Recommendations." Failure to file objections within the

16  specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158

17  F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

18  Dated: October 6, 2009.

19  _____
    EDMUND F. BRENNAN

20  UNITED STATES MAGISTRATE JUDGE

21

22

23

24

25

26

4